**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| SAP AMERICA, INC., | **Civil Action No.** |
| CINTAS CORPORATION, | **District Judge** |
| ACSIS INC., | |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| PARAGON DATA SYSTEMS, INC., | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs SAP America, Inc. ("SAP"), Cintas Corporation ("Cintas") and ACSIS Inc. ("ACSIS") (each a "Plaintiff", collectively "Plaintiffs") by and through their undersigned counsel, hereby submit their Complaint for Declaratory Judgment against Defendant Paragon Data Systems, Inc. ("Paragon" or "Defendant").

## PRELIMINARY STATEMENT OF THE CASE

1.      This Case arises out of Cintas's decision to discontinue using a standalone custom uniform stockroom management solution provided by Paragon. At the time of this discontinuation, Cintas and SAP were in the middle of a complete overhaul of Cintas's entire IT landscape.

2.      Over the course of more than ten years, SAP assisted Cintas in turning a cobbled-together collection of disparate, sometimes disconnected, and often outdated products from a variety of different providers into a unified, fully-integrated, state-of-the-art, end-to-end, enterprise-wide suite of solutions delivered by SAP.

3.      Cintas provides highly specialized products and services to over one million customers.  Among other services, Cintas provides a full-service uniform rental program in which Cintas provides uniforms that are returned to Cintas for laundering and repair.  Cintas has over 500 facilities in North America, with a large number of warehouses across the United States in which it stocks the uniforms it provides.  Prior to the use of an automated inventory management system, after receiving an order, a Cintas employee would have to manually check the stock room to determine whether the requested quantity of uniforms, in the right sizes, colors, etc., was in stock.  If the local warehouse did not have the specified uniforms in stock, the only way to determine whether another nearby warehouse could fill the order was to call the other location and ask another employee to manually check their stock.

4.      When uniforms are returned to Cintas, Cintas must evaluate the condition of each article to determine whether it should be laundered, mended or discarded.  Prior to the use of an automated inventory management system, this

determination would be indicated by a colored piece of paper pinned to each article. This process increased the difficulty in determining the available stock.

5.      In 2011, Paragon provided an automated inventory management and stockroom process solution to Cintas, called the "PDS Clearview Stockroom Visibility Software System" ("Clearview system"), pursuant to a license agreement.

6.      The 2011 license agreement between Paragon and Cintas was for a three-year term.   In 2014, Paragon and Cintas entered into a similar license agreement for another three-year term ("2014 License Agreement,").  *See* First State Court Amended Complaint, attached as Tab A, at exhibit 2 - 2014 License Agreement.

7.      Cintas informed Paragon sometime in 2016 that that it would not be renewing its license to the Clearview system when the term of the 2014 License Agreement expired in 2017.

8.      Cintas has been a SAP customer since 2009, when Cintas licensed SAP's ERP software and began to implement its accounting and finance modules. Cintas licensed additional software from SAP in 2011 in connection with an update of its global supply chain.

9.      In 2014, Cintas again licensed additional software solutions from SAP and contracted for consulting services from SAP in connection with a major project to modernize the operations of its Rental Division.  The main goal of the project was

to enable Cintas's delivery drivers to use mobile devices to track orders and update inventory as they delivered clean uniforms to customer locations and picked up dirty ones in the company's classic fleet of trucks.  This system was to be deployed at more than 250 Cintas locations throughout the United States, supporting over 6,200 routes, involving 750,000 customers and 3.3 million uniform wearers, and providing Cintas with a level of standardization, scalability, and visibility that it lacked with its legacy solutions, including Paragon's Clearview system.

10.     The package of SAP software that SAP implemented at Cintas in its Rental Division modernization project included, among other things, the SAP Enterprise Central Component ("ECC").  The SAP software that "replaced" the Paragon Clearview system at Cintas as part of the overall system transformation was comprised of certain features and functions included in the Materials Management ("MM") and Logistics Execution ("LE") modules of ECC. Since its introduction in 2004 (when it succeeded what was known as R/3 as SAP's flagship ERP solution), ECC has been used by some 50,000 customers across 25 industries.  The version of ECC that was implemented at Cintas in 2015-16 was ECC 6.0, Enhancement Pack 6.

11.     Upon information and belief Paragon alleges that, sometime prior to May 1, 2017, Cintas breached the 2014 License Agreement by providing access to Paragon's technology to SAP and ACSIS.  *See* Tab A, at ¶ 17.

12.     Upon information and belief Paragon became aware, sometime prior to February 26, 2019, of SAP and ACSIS replacing Paragon as the supplier to Cintas of an automated uniform inventory management system.  *See* Tab A, at ¶ 18.

13.     On February 26, 2019, Paragon first sued Cintas in state court, alleging, *inter alia*, breach of contract relating to the termination of Cintas's use of Paragon's Clearview system for supply chain management in favor of the SAP system, and the disagreement has been ongoing ever since. *See* First State Court Action Complaint, attached as Tab B.

14.     As described herein, Plaintiffs did not misappropriate any of Defendant's trade secrets, did not breach any contract, and did not commit any fraudulent inducement, unjust enrichment, civil theft, or civil conspiracy.

## THE PARTIES

15.     Plaintiff SAP is a Delaware corporation whose principal place of business is 3999 West Chester Pike, Newtown Square, PA 19073.

16.     SAP is the U.S. subsidiary of SAP SE, a global information technology company, organized under the laws of the European Union and Germany and headquartered in Germany, that was founded in Germany in 1972.  Originally known for its leadership in enterprise resource planning ("ERP") software, SAP has evolved into a market leader in end-to-end enterprise application software, database, analytics, intelligent technologies, and experience management.   SAP helps

businesses of all sizes and in all industries to operate profitably, adapt continuously, and achieve their purpose. Today, SAP has more than 102,000 employees in more than 140 countries around the world, more than 400,000 customers in more than 180 countries around the world, and more than 200 million users of its cloud solutions and services around the world.

17. Plaintiff Cintas is a State of Washington corporation with its principal place of business and headquarters in Cincinnati, Ohio.

18. Cintas is a leading provider of corporate identity uniform programs, entrance and logo mats, restroom supplies, promotional products, first aid, safety and fire protection products and services. Headquartered in Cincinnati, Ohio, Cintas operates almost 500 facilities in North America, including five manufacturing facilities and eleven distribution centers.

19. ACSIS is a Delaware corporation whose principal place of business is 50 Lake Center, Executive Parkway, Suite 201, Marlton, NJ 08053.

20. ACSIS is a provider of innovative supply chain execution solutions to customers located world-wide. ACSIS is based in New Jersey, and has been in business for more than 20 years.

21. ACSIS's product – called VisiTrack (which evolved from its prior product called DataPass)- has been in existence and sold to various global customers for 20 years.

22.    Upon information and belief Defendant Paragon is an Ohio corporation with its place of business located at 2003 St. Clair Avenue Cleveland Oh, 44114. Paragon, a provider of custom software solutions to companies with data collection requirements.

23.    Upon information and belief, Paragon is located in Cleveland, and has been in business since 1995.

## JURISDICTION AND VENUE

24.    The Federal Defend Trade Secrets cause of action arises under the laws of the United States, and this Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1836 *et seq*., 28 U.S.C. § 1331, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

25.    This Court has supplemental jurisdiction over the remaining causes of action under 28 U.S.C. § 1367 based on the state law claims forming part of the same case or controversy as the federal question involving the Federal Defend Trade Secrets Act, as each of the remaining causes of action share a common nucleus of operative fact.

26.    Defendant is subject to personal jurisdiction in this District because it is an Ohio corporation and resides in this district, and has availed itself to the rights and benefits of the laws of Ohio and it has conducted business relating to the alleged trade secrets in this district.

27.     Venue properly exists in this Judicial District pursuant to 28 U.S.C. § 1391 as Defendant is subject to personal jurisdiction in this judicial district, and have directed its business relating to the alleged trade secrets at this judicial district.

## FACTUAL BACKGROUND

28.     On February 26, 2019, Paragon filed a civil action against Cintas before the Court of Common Pleas, Cuyahoga County, Ohio in the case styled *PARAGON DATA SYSTEMS, INC. vs. CINTAS CORPORATION, ET AL,* Case No. CV_19-911719.  *See* Tab B.

29.     On July 31, 2020, and the last day to do so- Paragon filed a First State Court Amended Complaint adding SAP and ACSIS as defendants.  *See* Tab A.

30.     The First State Court Amended Complaint listed nine causes of action: (1) Misappropriation of Trade Secrets in Violation of Ohio Revised Code ("O.R.C.") §§ 1333.61-69; (2) Misappropriation of Trade Secrets in Violation of the Federal Defend Trade Secrets Act, 18 USC § 1831, et seq.; (3) Breach of Contract – Confidentiality; (4) Breach of Contract – Unauthorized Use of Paragon Technology Post-Contract Termination; (5) Breach of Contract – Improper Purchase of Products During the Existence of the Paragon Contract; (6) Breach of Contract – Underpayment of Account; (7) Unjust Enrichment; (8) Civil Theft; and (9) Civil Conspiracy. (*See* Tab A, ¶¶ 20-53).

31.     On August 24, 2020, SAP removed the case to the Northern District of Ohio based on Paragon's pleading of a federal question involving the Federal Defend Trade Secrets Act.  The remaining causes of action were removed under 28 U.S.C. § 1367 based on the state law claims forming part of the same case or controversy as the federal question involving the Federal Defend Trade Secrets Act, as each of the remaining causes of action shared a common nucleus of operative fact that underlay the alleged misappropriation of trade secrets.  *See* Notice of Removal, attached as Tab C.

32.     The Northern District of Ohio case was assigned to the Honorable Judge Dan Aaron Polster.  *See* N.D. Ohio Dkt. 001.1, attached as Tab D.

33.     On October 13, 2020, Judge Polster entered the Parties Joint Protective Order to protect the confidentiality of documents produced in the course of discovery in the action pending before Judge Polster in the Northern District of Ohio.  The Protective Order stated that documents designated CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER under the Order "shall not be used or disclosed" "for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action [adversary proceeding], including any appeal thereof".  N.D. Ohio Dkt. 28, Order Entering PO, attached as Tab E.

34.     Thereafter, discovery commenced.  Judge Polster entered a Marginal Order Granting Stipulated Amended Case Management Schedule on March 1, 2021.

This Marginal Order set the date for Oral Fact Discovery to conclude as September 30, 2021.  *See* N.D. Ohio Dkt. 35, Marginal Order Granting Stipulated Amended Case Management Schedule, attached as Tab F.

35.     During discovery in the Northern District of Ohio, Paragon served 25 Interrogatories, 86 Requests for Production, and 27 Requests for Admission on SAP, served 25 Interrogatories, 72 Requests for Production, and 33 Requests for Admission on Cintas, and 24 Interrogatories, 72 Requests for Production, and 15 Requests for Admission on ACSIS.  Paragon also requested to inspect SAP's, ACSIS's and Cintas's corporate premises.

36.     SAP, ACSIS, and Cintas responded to the Interrogatories and Requests for Admission, and in response to the Requests for Production, SAP produced almost 14,000 documents, Cintas produced over 4,500 documents, and ACSIS produced just under 2,000 documents, many of which contained confidential information.

37.     SAP, ACSIS, and Cintas also served discovery on Paragon during this time.  On September 16, 2020 SAP served two Interrogatories on Paragon asking Paragon to identify its trade secrets.  Again in January, 2021 SAP served another Interrogatory on Paragon asking it to identify its trade secrets.

38.     Meanwhile, Paragon moved for leave of court to amend its complaint on January 21, 2021 stating that Paragon wanted to identify additional trade secrets misappropriated by Cintas and SAP that Paragon identified during written discovery

and that Paragon wanted to expand the definition of trade secrets misappropriated by Cintas and SAP, which Paragon identified during written discovery. *See* N.D. Ohio Dkt. 31, Paragon's Motion for Leave to Amend Complaint, attached as Tab G.

39. Paragon did not ask the Northern District and Judge Polster for leave to amend to add additional defendants, or to remove its allegation under the Federal Defend Trade Secrets Act.

40. Judge Polster granted Paragon's motion to amend its complaint on February 18, 2021. *See* N.D. Ohio Dkt. 32.1, attached as Tab H.

41. Paragon filed its Amended its Complaint on February 18, 2021 (the "First Amended Complaint for Money Damages"), and continued to allege SAP, Cintas, and ACSIS misappropriated Paragon's trade secrets under the Federal Defend Trade Secrets Act. *See* First Amended Complaint for Money Damages, attached as Tab I.

42. SAP issued a notice of deposition under 30(b)(6) to Paragon with certain topics relating to the identification of Paragon's trade secrets in December 2020. Again, in March 2021 SAP served a second 30(b)(6) notice on Paragon with topics with a topic on the identification of Paragon's trade secrets.

43. Finally, on April 30, 2021, Paragon provided SAP with a list of its alleged trade secrets.

44.    Depositions commenced in the Northern District of Ohio, and on January 27, 2021, Giles Manias, a former Paragon employee was deposed.

45.    Thereafter, Paragon's Corporate witness under Federal Rules of Procedure 30(b)(6) was scheduled to be deposed on July 6 and 7 of 2021.  The purpose of this deposition was to allow Defendants an opportunity to examine Paragon on the specific list of trade secrets identified by Paragon on Appendix A to Plaintiff's Supplemental Response to SAP's First Set of Interrogatories.  The deposition was cancelled due to the witness's serious medical condition and hospitalization.  *See* N.D. Oh Dkt. 50, Joint Status Report, attached as Tab J.

46.    On August 2, 2021, Judge Polster held a Zoom conference.  At the consent of the plaintiff the case was stayed for 60 days.  The Court stated that if Paragon's corporate witness, Mr. Laurenzi, had not been deposed on or before October 15, 2021, the Court would dismiss the case without prejudice and would permit plaintiff to re-file the case within one year of dismissal. N.D. Ohio Dkt. 50.1, Minute Entry, attached as Tab K.

47.    On October, 13, 2021, the Court dismissed the case without prejudice. *See* N.D. Ohio Dkt 51, Dismissal, attached as Tab L.

48.    364 days later, on October 12, 2022, Paragon filed a new complaint for a new action in the Court of Common Pleas, Cuyahoga County (the "Second State

Court Complaint"). *See* Paragon's Motion to Substitute, attached as Tab M, at exhibit 1 - Redacted Second State Court Complaint.[1]

49.     The Second State Court Complaint lists nine causes of action, including (1) Misappropriation of Trade Secrets in Violation of Ohio Revised Code ("O.R.C.") §§ 1333.61-69; (2) Breach of Contract (Cintas) (3) Fraudulent Inducement (Cintas); (4) Unjust Enrichment (Cintas – Pled in the Alternative to Breach of the 2014 License Agreement); (5) Unjust Enrichment (Cintas – Post-Termination of the 2014 License Agreement); (6) Unjust Enrichment (SAP and ACSIS); (8) Civil Theft; and (9) Civil Conspiracy. *See* Tab M, exhibit 1 at ¶¶ 20-53.

50.     Notably, Paragon dropped its cause of action under the Federal Defend Trade Secrets Act from the Second State Court Complaint.

51.     The Federal Defend Trade Secrets Act, 18 U.S.C. § 1831, et seq., prohibits the misappropriation of the trade secrets of another.

52.     In the Second State Court Complaint, Paragon alleges that Plaintiff misappropriated Paragon's trade secrets, but did not allege a cause of action under the Federal Defend Trade Secrets Act.

53.     Paragon alleged a cause of action under the Federal Defend Trade Secret Act in its First Amended State Court Complaint filed July 31, 2020 and in its

---

[1] Exhibit 1 is the redacted version of the complaint. Plaintiffs are using this version as opposed to the original complaint filed October 12, 2022 to protect the confidentiality of their information.

First Amended Complaint for Money Damages filed February 18, 2021 in the Northern District of Ohio.

54.     On information and belief Paragon could amend its complaint without leave on the last day to do so as it has done in the past to add a claim under the Federal Defend Trade Secrets Act.

55.     On information and belief Paragon could seek leave to amend its complaint as it has done in the past to add a claim the Federal Defend Trade Secrets Act.

56.     The Federal Defend Trade Secrets Act claim has been asserted against the Plaintiffs by Paragon already, and has never been resolved.

57.     On information and belief, Paragon dropped its claim under the Federal Defend Trade Secret Act to prevent SAP, Cintas, and ACSIS from removing the case to the Northern District of Ohio in an effort to "forum shop".  By re-asserting claims in the Second State Court Complaint that arise from a common nucleus of operative facts without disclaiming its federal rights, however, Paragon has demonstrated that it is attempting to reserve these federal rights against the Plaintiffs.

58.     Paragon could not have dropped its claim under the Federal Defend Trade Secrets Act while the case was pending in the Northern District of Ohio, or added four individual defendants to its complaint without leave of court had Judge Polster not dismissed the case in October, 2021.

59.     Paragon used confidential information obtained in the N.D. of Ohio action to draft the Second State Court Complaint in violation of the Protective Order entered in the N.D. of Ohio case.  *See e.g.,* Tab M, exhibit 1 at ¶¶ 4, 17, 20, 66-69, 72-73, 83-84, 91-94.  Paragon could have only known this information from the discovery it obtained while the case was pending in the Northern District of Ohio.

60.     A new set of attorneys filed the Second State Court Complaint for Paragon.  These attorneys were not authorized to view confidential information under the Protective Order entered in the Northern District of Ohio case.

61.     Only after SAP complained, on November 2, 2022, Paragon's new attorneys moved to file the complaint under seal and have the Protective Order from the Northern District of Ohio entered in the new action in Cuyahoga County.  *See* Tab M.

62.     Given the nature and length of the dispute, SAP believes Paragon could amend its Second State Court Complaint to add the Federal Defend Trade Secrets Act claim.

63.     A case or controversy exists as to whether the Plaintiffs misappropriated any of Defendant's trade secrets, or wronged Defendant in any other way related to the 2014 License Agreement.

## COUNT I: DECLARATORY JUDGMENT OF NO TRADE SECRET MISAPPROPRIATION UNDER THE FEDERAL DEFEND TRADE SECRETS ACT

64.     The allegations of paragraphs 1-63 are incorporated herein by reference with the same force and effect as if set forth fully below.

65.     Upon information and belief, Defendant contends that Plaintiffs have misappropriated its trade secrets under Ohio's Uniform Trade Secret Act, ORC §§ 1333.61-69 in the Second State Court Complaint.  *See* Tab M, exhibit 1 at ¶¶ 108-115.

66.     In the First Amended State Court Action Complaint, Paragon brought a claim against SAP, Cintas, and ACSIS for misappropriation of Paragon's trade secrets under the Federal Defend Trade Secrets Act.  Tab A, at ¶¶ 28-33.

67.     This claim was dismissed without prejudice on October 13, 2021.  *See* Tab L.

68.     Based on the nature and length of this dispute and the failure to disclaim its federal rights, Defendant could add a cause of action to the Second State Court Complaint alleging once again that Plaintiffs have violated the Federal Defend Trade Secrets Act, 18 U.S.C. § 1831, et seq.

69.     Plaintiffs have not misappropriated Defendant's trade secrets.

70.     An actual controversy exists warranting declaration of the rights and other legal relations of Plaintiffs and Defendant.  Plaintiffs seek a declaration of

rights under the Declaratory Judgment Act which allows for a declaration of the rights and other legal relations of Plaintiffs and Defendant as a case of actual controversy has arisen.  A real and substantial controversy exists warranting determination of specific relief through a decree of a conclusive character, and such controversy is ripe for determination of a controversy over legal rights.  A substantial controversy exists between Plaintiffs and Defendant of sufficient immediacy and reality to warrant the issuance of a declaratory judgment to avoid irreparable injury and damage to Plaintiffs.

71.     As a consequence of the foregoing, declaratory relief is appropriate and necessary to establish that Plaintiffs have not misappropriated any of Defendant's trade secrets under the Federal Defend Trade Secrets Act 18 U.S.C. § 1831, et seq to avoid irreparable injury to Plaintiffs.

72.     Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Plaintiffs have not misappropriated any of Defendant's trade secrets under the Federal Defend Trade Secret, 18 U.S.C. § 1831, et seq.

**COUNT II: DECLARATORY JUDGMENT OF NO TRADE SECRET MISAPPROPRIATION UNDER THE OHIO TRADE SECRETS ACT**

73.     The allegations of paragraphs 1-72 are incorporated herein by reference with the same force and effect as if set forth fully below.

74.     Defendant contends that Plaintiffs have misappropriated its trade secrets under Ohio's Uniform Trade Secret Act, ORC §§ 1333.61-69 in the Second State Court Complaint.  *See* Tab M, exhibit 1 at ¶¶ 108-115.

75.     Plaintiffs have not misappropriated any of Defendant's trade secrets.

76.     SAP and Cintas developed Cintas's installation of ECC independently of the Clearview System as described above.

77.     An actual case or controversy exists regarding whether Plaintiffs have misappropriated any of Defendant's trade secrets under Ohio's Uniform Trade Secret Act, ORC §§ 1333.61-69.

78.     Declaratory relief is appropriate and necessary to establish that Plaintiffs have not misappropriated any of Defendant's trade secrets.

79.     Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Plaintiffs have not misappropriated any of Defendant's trade secrets under Ohio's Uniform Trade Secret Act, ORC §§ 1333.61-69.

## COUNT III DECLARATORY JUDGMENT OF NO BREACH OF CONTRACT (CINTAS)

80.     The allegations of paragraphs 1-79 are incorporated herein by reference with the same force and effect as if set forth fully below.

81.     Defendant contends that Cintas breached the 2014 License Agreement in the Second State Court Complaint.  *See* Tab M, exhibit 1 at ¶¶ 116-120.

82.     Cintas did not breach the 2014 License Agreement.

83.     An actual case or controversy exists regarding whether Cintas breached the 2014 License Agreement.

84.     Declaratory relief is appropriate and necessary to establish that Cintas did not breach the 2014 License Agreement.

85.     Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Cintas did not breach the 2014 License Agreement with Paragon.

## COUNT IV: DECLARATORY JUDGMENT OF NO FRAUDULENT INDUCEMENT (CINTAS)

86.     The allegations of paragraphs 1-85 are incorporated herein by reference with the same force and effect as if set forth fully below.

87.     Upon information and belief, Defendant contends that Cintas fraudulently induced Paragon to enter into the 2014 License Agreement in the Second State Court Complaint.  *See* Tab M, exhibit 1 at ¶¶ 121-126.

88.     Cintas did not fraudulently induce Paragon to enter into the 2014 License Agreement.

89.     Cintas did not misappropriate any of Paragon's trade secrets.

90.     An actual case or controversy exists regarding whether Cintas fraudulently induced Paragon to enter into the 2014 License Agreement.

91.     Declaratory relief is appropriate and necessary to establish that Cintas did not fraudulently induce Paragon to enter into the 2014 License Agreement.

92.     Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Cintas did not fraudulently induce Paragon to enter into the 2014 License Agreement.

### COUNT V: DECLARATORY JUDGMENT OF NO UNJUST ENRICHMENT (CINTAS – PRE-TERMINATION OF 2014 LICENSE AGREEMENT)

93.     The allegations of paragraphs 1-92 are incorporated herein by reference with the same force and effect as if set forth fully below.

94.     Upon information and belief, Defendant contends that Cintas was unjustly enriched before the termination of the 2014 License Agreement in the Second State Court Complaint. *See* Tab M, exhibit 1 at ¶¶ 127-130.

95.     Cintas did not misappropriate any of Paragon's trade secrets.

96.     Cintas was not unjustly enriched before the termination of the 2014 License Agreement.

97.     An actual case or controversy exists regarding whether Cintas was unjustly enriched before the termination of the 2014 License Agreement.

98.     Declaratory relief is appropriate and necessary to establish that Cintas was not unjustly enriched before the termination of the 2014 License Agreement.

99.     Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Cintas was not unjustly enriched before the termination of the 2014 License Agreement.

## COUNT VI: DECLARATORY JUDGMENT OF NO UNJUST ENRICHMENT (CINTAS – POST-TERMINATION OF THE 2014 LICENSE AGREEMENT)

100.    The allegations of paragraphs 1-99 are incorporated herein by reference with the same force and effect as if set forth fully below.

101.    Upon information and belief, Defendant contends that Cintas was unjustly enriched after the termination of the 2014 License Agreement in the Second State Court Complaint.  *See* Tab M, exhibit 1 at ¶¶ 134-136.

102.    Cintas was not unjustly enriched after the termination of the 2014 License Agreement.

103.    An actual case or controversy exists regarding whether Cintas was unjustly enriched after the termination of the 2014 License Agreement.

104.    Declaratory relief is appropriate and necessary to establish that Cintas was not unjustly enriched after the termination of the 2014 License Agreement.

105.    Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Cintas was not unjustly enriched after the termination of the 2014 License Agreement.

## COUNT VII: DECLARATORY JUDGMENT OF NO UNJUST ENRICHMENT (SAP AND ACSIS)

106.    The allegations of paragraphs 1-105 are incorporated herein by reference with the same force and effect as if set forth fully below.

107.   Upon information and belief, Defendant contends that SAP and ACSIS were unjustly enriched because of their intentional misappropriation of Paragon's trade secrets in the Second State Court Complaint.  *See* Tab M, exhibit 1 at ¶¶ 134-136.

108.   SAP and ACSIS did not misappropriate any of Paragon's trade secrets.

109.   SAP and ACSIS were not unjustly enriched because of their intentional misappropriation of Paragon's trade secrets at least because SAP and ACSIS did not misappropriate any of Paragon's trade secrets.

110.   An actual case or controversy exists regarding whether SAP and ACSIS were unjustly enriched.

111.   Declaratory relief is appropriate and necessary to establish that SAP and ACSIS were not unjustly enriched.

112.   Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that SAP and ACSIS were not unjustly enriched.

## <u>COUNT VIII: DECLARATORY JUDGMENT OF NO CIVIL THEFT (O.R.C. §§ 2307.60-2307.61) (CINTAS)</u>

113.   The allegations of paragraphs 1-112 are incorporated herein by reference with the same force and effect as if set forth fully below.

114.   Upon information and belief, Defendant contends Plaintiffs are subject to a civil action for damages for civil theft because a violation of the Ohio Uniform Trade Secret Act, constitutes "wrongful conversion," a "theft offense" pursuant to

O.R.C. § 2913.01(K)(3) in the Second State Court Complaint.  *See* Tab M, exhibit 1 at ¶¶ 137-142.

115.   Plaintiffs did not misappropriate any of Defendant's trade secrets.

116.   Plaintiffs did not violate the Ohio Uniform Trade Secret Act.

117.   Accordingly, Plaintiffs are not liable for civil theft.

118.   An actual case or controversy exists regarding whether Plaintiffs are liable for civil theft.

119.   Declaratory relief is appropriate and necessary to establish that Plaintiffs are not liable for civil theft.

120.   Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Plaintiffs are not liable for civil theft.

## COUNT IX: DECLARATORY JUDGMENT OF NO CIVIL CONSPIRACY (SAP ACSIS CINTAS)

121.   The allegations of paragraphs 1-120 are incorporated herein by reference with the same force and effect as if set forth fully below.

122.   Upon information and belief, Defendant contends in the Second State Court Complaint that Plaintiffs' conduct constitutes a malicious combination involving two or more persons to injure Defendant in a way not competent for one alone, constituting civil conspiracy.  *See* Tab M, exhibit 1 at ¶¶ 143-145.

123.   Plaintiffs did not commit unlawful conduct as explained above.

124.   Plaintiffs did not misappropriate any of Defendant's trade secrets.

125. Plaintiffs are not liable to Defendant for civil conspiracy.

126. An actual case or controversy exists regarding whether Plaintiffs are liable to Defendant for civil conspiracy.

127. Declaratory relief is appropriate and necessary to establish that Plaintiffs are not liable to Defendant for civil conspiracy.

128. Pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiffs are entitled to a declaratory judgment that Plaintiffs are not liable to Defendant for civil conspiracy.

## COUNT X: BREACH OF CONTRACT (CINTAS)

129. The allegations of paragraphs 1-128 are incorporated herein by reference with the same force and effect as if set forth fully below.

130. The 2014 License Agreement calls for a three-year term, but the start and end date of the three-year term was established on a site-by-site basis, based on site-by-site yearly renewals. These renewals were set forth on "Schedule A's" to the 2014 Agreement, and each Cintas site using the Clearview system had a separate "Schedule A" with Paragon. *See, e.g.*, Tab A, exhibit 2.

131. Certain Cintas sites paid to use the Clearview system into late 2017 and early 2018. The Cintas sites that paid to use the Clearview system into late 2017 and early 2018, along with the corresponding expiration dates of the 2014 Agreement, are set forth below:

| Cintas Site Location | Expiration of 2014 License Agreement |
|---|---|
| Dayton, OH | 10/31/2017 |
| Vandalia, OH | 10/31/2017 |
| Pittsburgh, PA | 10/31/2017 |
| Syracuse, NY | 10/31/2017 |
| Rochester, NY | 10/31/2017 |
| Ashland, KY | 10/31/2017 |
| Allentown, PA | 10/31/2017 |
| SE Pittsburgh, PA | 10/31/2017 |
| Morgantown, WV | 10/31/2017 |
| Charleston, WV | 10/31/2017 |
| Buffalo, NY | 10/31/2017 |
| Omaha, NE | 10/31/2017 |
| State College, PA | 10/31/2017 |
| Grove City, OH | 10/31/2017 |
| Lancaster, OH | 10/31/2017 |
| Cumberland, MD | 10/31/2017 |
| Ridge Road, OH | 10/31/2017 |
| St. Joseph, MO | 10/31/2017 |
| Lansing, MI | 11/30/2017 |
| Milford, OH | 10/31/2017 |
| Springfield, MO | 10/31/2017 |
| Detroit, MI | 11/30/2017 |
| Macomb, MI | 11/30/2017 |
| Wichita, KS | 10/31/2017 |
| Toledo, OH | 11/30/2017 |
| Olathe, KS | 10/31/2017 |
| Westland, MI | 11/30/2017 |
| Madison Heights, MI | 11/30/2017 |
| Madison Heights, MI | 11/30/2017 |
| Newmarket, ON | 2/28/2018 |
| London ON | 2/28/2018 |
| Torlake Toronto | 2/28/2018 |
| Dundas, Toronto | 2/28/2018 |

132. Even though these Cintas sites paid to continue using the Clearview system into late 2017 and early 2018, Paragon nevertheless cut off access to the Clearview system for all Cintas sites on or around June 9, 2017.

133. The 2014 License Agreement is a valid contract between Cintas and Paragon.

134. Cintas performed its obligations under the 2014 License Agreement.

135. Paragon breached the 2014 License Agreement with Cintas by prematurely cutting off access to the Clearview system for all Cintas sites on or around June 9, 2017.

136. As a direct and proximate result of Paragon's breach of the 2014 License Agreement, Cintas has been damaged in an amount in excess of $120,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs SAP, Cintas and ACSIS demand judgment in their favor and against Defendant as follows:

A. On Count One, a declaratory judgment that Plaintiffs did not violate the Federal Defend Trade Secrets Act.

B. On Count Two, a declaratory judgment that Plaintiffs did not violate the Ohio Trade Secrets Act.

C. On Count Three, a declaratory judgment that Cintas did not breach the 2014 License Agreement with Paragon.

D. On Count Four, a declaratory judgment that Cintas did not fraudulently induce Paragon to enter into the 2014 License Agreement.

E.      On Count Five, a declaratory judgment that Cintas was not unjustly enriched before the termination of the 2014 License Agreement.

F.      On Count Six, a declaratory judgment that Cintas was not unjustly enriched after the termination of the 2014 License Agreement.

G.      On Count Seven, a declaratory judgment that SAP and ACSIS were not unjustly enriched.

H.      On Count Eight, a declaratory judgment that Cintas is not liable to Paragon for Civil Theft.

I.      On Count Nine, a declaratory judgment that the Plaintiffs are not liable to Paragon for civil conspiracy.

J.      On Count Ten, compensatory damages in an amount in excess of $120,000 for breach of contract.

K.      For recoverable costs and attorneys' fees as allowed by law.

L.      For such other and further relief as the court deems just and proper.

## **JURY DEMAND**

Plaintiffs requests a trial by jury on all issues so triable.

Dated:     November 16, 2022

Respectfully submitted,

*/s/ Thomas R. Goots*
Thomas R. Goots (66010)
Robert S. Faxon (59678)
Hannah E. Mehrle (100228)
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114
(216) 586-3939
trgoots@jonesday.com
rfaxon@jonesday.com
hmehrle@jonesday.com

*Counsel for Plaintiff SAP*

Dated:     November 16, 2022

*/s/ Steven M. Auvil*
Steven M. Auvil (063827)
Stephen M. Fazio (076873)
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: 216.479.8500
Facsimile: 216.479.8780
Steven.auvil@squirepb.com
Stephen.fazio@squirepb.com

*Counsel for Plaintiff Cintas,
Corporation*

Dated:     November 16, 2022

*/s/ Christopher Schueller*
Christopher Schueller
BUCHANAN INGERSOLL &
ROONEY PC

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Christopher.schueller@bipc.com

*Counsel for Plaintiff ACSIS, Inc..*