IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAP AMERICA, INC., et al., ) | Case No. 1:22-cv-2070 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| PARAGON DATA SYSTEMS, INC., ) | |
| ) | **DISMISSAL ORDER** |
| Defendants. ) | |
| ) | |

On November 16, 2022, Plaintiffs filed a complaint for declaratory judgment on claims recently filed by Defendant Paragon Data Systems, Inc., ("Paragon") in state court. ECF Doc. 1, *see also, Paragon Systems v. Cintas Corporation, et al.,* Case No. CV 22 969925, Cuyahoga County Common Pleas Court, filed October 12, 2022. Plaintiffs' complaint seeks declaratory judgment on each of the claims raised by Paragon in state court as well as a claim under the Federal Defend Trade Secrets Act, which Paragon has not made in the state case but had made in an earlier federal case that was ultimately dismissed without prejudice. Case No. 1:20-cv-1883, *Paragon Data Systems, Inc. v. Cintas Corporation, et al.*

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisite." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214, 221 (1995). In *Grand Trunk W. R. Co. v. Consol. Rail Corp.,* 746 F.2d 323, 326

(6th Cir. 1984), the Sixth Circuit established the following factors to determine whether to exercise discretionary jurisdiction over a declaratory judgment action:

      1. whether the declaratory action would settle the controversy;

      2. whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

      3. whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata;

      4. whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

      5. whether there is an alternative remedy [that] is better or more effective.

*Grand Trunk*, 746 F.2d at 326. *See also Liberty Mut. Fire Ins. Co. v. Bohms*, 490 F. App'x 721, 725 (6th Cir. 2012).

      After weighing the *Grand Trunk* factors, the Court declines to exercise discretionary jurisdiction over this action.  Paragon intentionally chose to re-file its action in state court.  When doing so, it omitted the one federal claim it had previously asserted under the Federal Defend Trade Secrets Act.  Paragon has not made a Federal Defend Trade Secrets Act claim, and any ruling by this Court on such a claim would, therefore, be purely advisory.  As to Plaintiffs' remaining declaratory judgment claims (all state court claims), all the claims will be addressed in the state court case, which was filed first.  In short, the *Grand Trunk* factors weigh against exercising discretionary jurisdiction over the parties' controversy.

      For the reasons stated herein, the Court DECLINES to exercise discretionary jurisdiction over plaintiffs' complaint for declaratory judgment.  Plaintiffs' case is hereby DISMISSED, without prejudice.  **IT IS SO ORDERED.**

Dated: November 22, 2022                         *s/Dan Aaron Polster*
                                                       United States District Judge